**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| COMMERCIAL METALS COMPANY, | § | |
| Plaintiff | § | |
| | § | |
| V. | § | C.A. No. 5:23cv493 |
| | § | |
| MEDALLION TRANSPORT & | § | |
| LOGISTICS LLC, | § | |
| Defendant | § | |

## COMPLAINT

Commercial Metals Company ("CMC"), Plaintiff herein, complains of Medallion Transport & Logistics LLC ("Medallion"), Defendant herein, and in support would show as follows:

## I.
## PARTIES

1.      Plaintiff, Commercial Metals Company ("CMC"), is a Delaware corporation with its principal place of business in Seguin, Texas.  CMC is a citizen of Delaware and Texas. CMC was the owner of the Cargo made the basis of this lawsuit. CMC brings this action on its own behalf and on behalf of and for the interests of all parties who may be or become interested in the Cargo in question.

2.      Defendant, Medallion Transport & Logistics LLC ("Medallion"), was and now is a North Carolina limited liability company or similar entity with its principal place of business in New Jersey.  Medallion is a citizen of North Carolina and New Jersey, and to the best of Plaintiff's knowledge, none of the members of Medallion are citizens of either Delaware or Texas. Medallion may be served via its Texas registered agent,

Attorney Service Associates Inc., at its registered office, 3610-2 N. Josey Lane, Suite 223, Carrollton, Texas 75007.

## II.
## SUBJECT-MATTER JURISDICTION

3.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332 as CMC and Medallion are diverse in citizenship from each other and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

## III.
## VENUE

4.      Venue is proper in the Western District of Texas, San Antonio Division, as Clause 8(I) of the Shipper-Broker Transportation Contract made the basis of this lawsuit fixes venue in a state or federal court having jurisdiction over Guadalupe County, Texas, within this District and Division.

## IV.
## RESPONDEAT SUPERIOR

5.      Whenever CCS alleges that Medallion did any act or thing, it is meant that Medallion's officers, agents, servants, employees or representatives did such act or thing and at the time such act or thing was done, it was done with the full authorization or ratification of Medallion or done in the normal and routine course and scope of employment of Medallion's officers, agents, servants, employees or representatives.

## V.
## FACTS

6.      On or about July 23, 2020, CMC and Medallion entered into a Shipper-Broker Transportation Contract ("Contract") for Medallion to handle the transportation brokerage of CMC's shipments.

7.      CMC sent a shipment of of scrap metal ("Cargo") for transportation from Texas to  Ohio.  Medallion acted as the transportation broker for CMC pursuant to the Contract and brokered the Cargo to Landstar, which then used JHL Express to transport the Cargo. On or about August 12, 2021, JHL Express' truck was involved in an accident, resulting in significant damage to the Cargo.  Apparently JHL Express subsequently sold the Cargo for salvage, but refused to remit the salvage proceeds to CMC.  The fair market value of the Cargo was $141,668.87.

8.      Under Sections 4(A) and 4(B) of the Contract, Medallion assumed liability for any damage to or loss of the Cargo during transportation with a mazimum liability per shipment of $100,000.00.  Medallion also re-brokered the Cargo to Landstar without the prior consent of CMC in violation of Section 2(C)(xii)(2) of the Contract.  The Cargo was in good order and condition at the time the carrier received it, and the carrier failed to deliver the cargo due to an accident.. Medallion has clear liability for this loss under its Contract with CMC, which full loss amounts to $141,668.87.

9.      CMC filed a timely claim with Medallion for the loss, but Medallion has refused to tender its $100,000.00 limitation of liability (or any amount whatsoever) in breach of its obligations under the Contract.

**VI.**
**BREAK OF CONTRACT**

10.     The Contract between Medallion and CMC made Medallion responsible for any cargo damage or loss during transportation with a maximum liability of $100,000.00 per shipment, and also prohibited re-brokering the Cargo without the prior consent of CMC.  Medallion breached its Contract with CMC by re-brokering the Cargo without CMC's permission and failing to tender its limitation of liability (or any amount) despite

receiving a timely claim from CMC.  These breaches of contract by Medallion were a proximate cause of the Cargo damage and loss CMC incurred.

## VII.
## DAMAGES

11.    As a direct and proximate cause of the contractual breaches set forth above, CMC has suffered damages in the amount of at least ONE HUNDRED THOUSAND AND NO/100 DOLLARS ($100,000.00), plus prejudgment interest, postjudgment interest, and all costs of court.

## VIII.
## ATTORNEY'S FEES

12.    CMC made timely written demand on Medallion for Medallion's $100,000.00 limitation of liability more than thirty (30) days ago, but Medallion has refused to pay any amount to CMC.  CMC accordingly has retained the undersigned counsel and is entitled to recover reasonable and necessary attorney's fees for breach of contract pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code through trial and for any appeals.

## IX.
## CONDITIONS PRECEDENT

13.    All conditions precedent necessary to maintain this lawsuit have been performed or have occurred.

## X.
## PRAYER

14.    WHEREFORE, PREMISES CONSIDERED, Plaintiff CMC prays that, upon final trial, CMC have judgment against Defendant Medallion for breach of contract as follows:

4

a.  Actual damages of at least $100,000.00 for the above-stated cause of action;

b.  Prejudgment interest and postjudgment interest at the maximum legal rate;

c.  Reasonable and necessary attorney's fees;

d.  All costs of court; and

e.  For such other and further relief, general or special, at law or in equity, to which Plaintiff CMC may show itself justly entitled.

Respectfully submitted,

/s/ *Robert G. Moll*
ROBERT G. MOLL
Admitted WD Texas
Texas Bar No.: 00784622
1903 Blooming Park Lane
Katy, Texas 77450
Telephone:    (713) 540-2780
E-mail:        texlaw1992@aol.com

**ATTORNEY FOR PLAINTIFF**